IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANGIE N.,**[1]<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**ANDREW SAUL**, Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 3:20-cv-00090-IM<br><br>**OPINION AND ORDER** |

Nancy J. Meserow, Law Office of Nancy J. Meserow, 7540 S.W. 51st Ave., Portland, OR 97219. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**IMMERGUT, District Judge**

　　　　Plaintiff, Angie N., seeks review of the final decision of the Commissioner of Social Security (Commissioner) denying her application for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income (SSI) pursuant to 42 U.S.C. § 405(g). For the following reasons, this Court reverses the Commissioner's decision and remands this case for further proceedings consistent with this Opinion and Order. On remand, the ALJ must consider

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – ORDER

Plaintiff's personality disorder diagnosis and reevaluate her impairments at step two, reevaluate the medical evidence and symptom testimony, and make a new step five finding.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quotation marks omitted) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation marks omitted) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). This Court may not substitute its judgment for that of the Commissioner. *Id*. at 1196. "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn*, 495 F.3d at 630 (quotation marks omitted) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). However, a reviewing court may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

PAGE 2 – ORDER

## BACKGROUND

### A. Plaintiff's Application

Plaintiff was born on December 12, 1975 and has a high school education. AR 28. On July 26, 2016, Plaintiff filed an application for DIB and protectively filed an application for SSI, alleging disability beginning March 1, 2013. AR 14. She was 37 years old on the alleged disability onset date. AR 28. Plaintiff alleges disability due to personality disorder, depression, anxiety, PTSD, bipolar disorder, obesity, lumbar degenerative disc disease, leg problems requiring cane use, chronic low back and knee pain, seizures, fibromyalgia, and neurocognitive disorder. AR 17, 995, 1589, 2403. Plaintiff's applications were initially denied on November 29, 2016 and upon reconsideration on February 21, 2017. AR 141, 156. Thereafter, Plaintiff appeared and testified at a hearing held on August 1, 2018. AR 66. On November 19, 2018, Administrative Law Judge ("ALJ") Vadim Mozyrsky found that Plaintiff was not disabled under the Social Security Act. AR 29. On December 3, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff timely filed a complaint in this Court.

### B. The Sequential Analysis

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). Each step is potentially

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing a substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform her "past relevant work" with this RFC assessment? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

As a preliminary matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2016. AR 17.

At the first step of the disability analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2013, her alleged onset date. *Id.*

At step two, the ALJ found the following severe impairments: obesity; degenerative disc disease; history of seizures; fibromyalgia syndrome; neurocognitive disorder; depression; anxiety; posttraumatic stress disorder (PTSD); substance addiction disorder; and somatic symptom disorder. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments in 20 C.F.R. Part

404, Subpart P, Appendix 1. *Id*. Instead, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except:

> [Plaintiff] is limited to lifting 20 pounds occasionally and 10 pounds frequently, and carrying 20 pounds occasionally and 10 pounds frequently; she is limited to sitting up to 6 hours in an 8-hour workday, and standing and walking 2 hours total in an 8-hour workday; she is limited to pushing and pulling as much as lifting and carrying; she is limited to occasionally climbing ramps and stairs, but never ladders or scaffolds; she is limited to occasional balancing, stooping, kneeling, crouching, and crawling; she is precluded from working around hazards such as unprotected heights, operating heavy machinery, or operating a motor vehicle; she is limited to simple, routine, and repetitive tasks and simple, work-related decisions; she is limited to only superficial contact with the general public such as passing people in hallways but no direct contact as part of the job requirements; she should be able to work independently without the need for coordinated efforts with co-workers.

AR 19-20.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work, namely working as a caregiver, waitress, customer service clerk, housekeeper, fast food worker, retail clerk, and cashier. AR 27, 61-63.

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC. The ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff could perform. AR 28. These jobs included table worker (2,957 positions nationally); toy stuffer (4,173 positions nationally); and leather laminator (1,616 positions nationally). *Id.*; *see also* AR 63-64.

## DISCUSSION

Plaintiff seeks review of the determination by the ALJ that she was not disabled. Plaintiff contends the ALJ erred by (1) finding that work which Plaintiff is capable of performing exists in significant numbers at step five, ECF 16 at 6–14; (2) improperly rejecting the personality disorder diagnoses from Drs. Gostnell and Blackthorne, and James Holen, M.A.'s, *id*. at 14–20;

PAGE 6 – ORDER

(3) improperly evaluating the medical opinion evidence of Drs. Gostnell, Cox, Birney, and South, and Robert Sperry, *id*. at 20–32; and (4) improperly discounting Plaintiff's subjective symptom testimony, *id*. at 32–39. In her opening brief, Plaintiff requested that this Court reverse the ALJ's decision and "enter a finding of disability and remand the case for payment of benefits or for further proceedings, or whatever result the Court deems necessary." *Id*. at 40. However, in her reply brief, Plaintiff argues that this Court should remand for benefits based on the alleged error at step five. ECF 22 at 8–12.

The Commissioner concedes that the ALJ erred by improperly rejecting the personality disorder diagnosis at step two and requests that this Court reverse and remand this case for further proceedings. ECF 21 at 4-5, 13. Specifically, the Commissioner requests that this Court remand the case so that an ALJ can reconsider Plaintiff's impairments at step two, reevaluate the medical evidence and symptom testimony, and make a new step five finding after obtaining vocational expert evidence. *Id*. at 4.

Based on his severe impairments findings at step two, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for the limitations described above. AR 19–20. Both parties agree that in making his RFC finding, the ALJ erroneously rejected a personality disorder diagnosis Plaintiff had received. ECF 16 at 14–20; ECF 21 at 4–5.

The ALJ used this RFC determination to find that Plaintiff was unable to perform any past relevant work at step four. *Id*. at 27. At step five, based on this same RFC, the ALJ identified 8,746 jobs in the national economy that Plaintiff could perform and found that number to be significant. *Id*. at 28.

PAGE 7 – ORDER

Plaintiff argues that the ALJ erred in finding that 8,746 is a significant number of jobs for the purposes of a step five finding and therefore this Court should remand for benefits. ECF 22 at 1–3. However, this Court finds that, even assuming the ALJ's step five finding was erroneous, the proper remedy here is to remand this case for further proceedings.

When a court determines the Commissioner erred in some respect in their decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "'with or without remanding the cause for a rehearing.'" *Treichler v. Comm'r of Soc. Sec Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted); *see also Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" rule. Under this rule, a court must determine whether the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed, and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the Plaintiff disabled on remand. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *Treichler*, 775 F.3d at 1100-01; and *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir 1996). The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings upon crediting the evidence. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000). Even if all the requisites are met, however, a court may still remand for further proceedings "when the record as

a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The decision whether to remand for further proceedings or immediate payment of benefits generally turns on the "likely utility of such proceedings." *Harman,* 211 F.3d at 1179. When "the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004); *see also Smolen*, 80 F.3d at 1292. The Ninth Circuit has emphasized that a "direct award of benefits was intended as a rare and prophylactic exception to the ordinary remand rule." *Leon*, 880 F.3d at 1045; *see also Garrison*, 759 F.3d at 1019 (9th Cir. 2014) ("Usually, [i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded" for further proceedings.) (citations omitted) (alteration in original).

Here, as both parties agree, the ALJ erred at step two by improperly rejecting a personality disorder diagnosis Plaintiff had received. ECF 16 at 14–20; ECF 21 at 4–5. The ALJ failed to give a reason for rejecting the diagnosis and did not consider Plaintiff's personality disorder in the formulation of the RFC. AR 25-26, 15, 17-19, 1589; ECF 16 at 10; ECF 21 at 4–5. An ALJ errs when he rejects the medical opinion of a treating or examining physician without providing "specific and legitimate reasons supported by substantial evidence in the record." *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (quotation marks and citation omitted); *see also Orn v. Astrue*, 495 F.3d 625, 631-32 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(2)); *Schwanz v. Colvin*, 3:13-cv-01101-SI, 2014 WL 4722214, at *4–5 (D. Or. Sept. 22, 2014). Here, the ALJ failed to explain his rejection of Plaintiff's personality disorder. Accordingly, the Court

agrees with the parties that the ALJ erred in this respect. This error satisfies the first step of the "credit-as-true" analysis.

However, the ALJ's erroneous rejection of the personality disorder diagnosis affected his RFC determination, which was then used in the assessment of all subsequent steps in the ALJ's analysis. This error infected the ALJ's analysis from step two onward and prevented the record from being fully and properly developed. Accordingly, this Court does not find that "further administrative proceedings would serve no useful purpose." *Brown-Hunter*, 806 F.3d at 495 (citation and quotation marks omitted). Rather, remand for further proceedings is necessary in order to give the ALJ an opportunity to make findings at steps two through five based on a proper evaluation of the evidence in the first instance. *See id.* at 496 (noting factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance"); *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted).

Because this Court finds that the ALJ's error at step two warrants remand, it declines to address other alleged errors Plaintiff claims were made later in the ALJ's analysis. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[T]his Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED.**

DATED this 18th day of August, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
